UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| C.F., | : | Civil Action No.  17-4036 PGS DEA |
| | : | (Consolidated with |
| | : | Civil Action Nos. 17-4206 (PGS) |
| **Plaintiff,** | : | 17-4050 (PGS)) |
| | : | |
| v. | : | |
| | : | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | : | AND ORDER |
| | : | |
| **Defendants.** | : | |
| | : | |

ARPERT, United States Magistrate Judge

This matter comes before the Court on an informal application by Defendant United States of America for reconsideration of this "Court's decision denying Defendant's request to conduct an additional inspection of one of the vehicles (i.e., the Jeep) involved in the motor-vehicle accident that is the subject of these consolidated actions. See Defendant's Letter to the Court dated September 27, 2018. ECF No. 75. Defendant argues that the Court should reconsider its decision to prevent "manifest injustice", that is, Defendant "will be prejudiced if its seatbelt expert is deprived of an inspection of the Jeep to rebut Plaintiff's inertial and inadvertent seatbelt release theory." Id. at p.5. Further, Defendant argues, it "could not predict the seatbelt release theory raised in Dr. Pugh's report, and a second inspection of the Jeep would not prejudice any party to these actions." Id. at p.7.

Plaintiffs C.F. and D.F. oppose Defendant's application. See Plaintiffs' Letter to the Court dated October 1, 2018. ECF No. 76. In short, Plaintiffs argue, Defendant "has failed to present any new evidence or legal authority to support its request for reconsideration." Id. at p.1. Further, Plaintiffs maintain:

1

> It is apparent…that Defendant USA was cogently award of the seatbelt "issue" in this matter throughout the fact-discovery period and that Defendant USA and its experts had every opportunity to conduct inspections of the subject Jeep, including its seat belt, during the fact-discovery period.
> Id. at p.3.

The underlying facts and procedural history of these consolidated actions are well known to the parties and the Court and need not be recited here at length. Pursuant to the operative scheduling order, fact discovery was to be concluded by July 2, 2018. Plaintiff served Dr. James Pugh's (biomechanical) expert report on July 27, 2018, On August 18, 2018, Defendant served a Subpoena seeking to conduct an additional inspection of the Jeep. An initial inspection of the Jeep was conducted by Defendant and its experts—including a 3-D scan of the vehicle—on March 13, 2018. After Plaintiffs objected to Defendant's Subpoena, the issue was presented to the Court by Defendant.

In an Opinion and Order dated September 13, 2018, the Court denied Defendant's request for the inspection and quashed Defendant's Subpoena. ECF No. 69. The factual and legal bases for that decision speak for themselves.

## I.   LEGAL STANDARD

A party seeking reconsideration of a Court's Order must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law for fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "Manifest injustice pertains to situations where a court overlooks some dispositive factual or legal matter that was presented to it." Inventory Recovery Corp. v. Gabriel, No. 11-1604, 2017 WL 319177, at *3 (D.N.J. Jan. 23, 2017).

## III. DISCUSSION

2

Here, Defendant has not identified any change in the controlling law or new evidence that would support its application. Rather, Defendant contends reconsideration is necessary to prevent "manifest injustice." Specifically, Defendant claims an addition inspection of the Jeep by a seatbelt expert is required to rebut the "novel theory of seatbelt malfunction" that was revealed for the first time in Dr. Pugh's report in July 2018.

Further review of the factual history of this case, as developed through the discovery process, only serves to reinforce the Court's original decision to deny Defendant's application to permit an additional inspection. Defendant acknowledges that "from the onset of discovery [it] pursued evidence of whether or not Plaintiff C.F. was not wearing his seatbelt at the time of the accident." ECF No. 75 at p.1. Moreover, "[e]arly in discovery, in support of its cross-claim, the Defendant developed evidence that Plaintiff C.F. was not wearing his seatbelt." Id. In the course of discovery, conflicting deposition testimony was obtained on this issue. Accordingly, Defendant can not reasonably claim to have been surprised by the seatbelt reference in Dr. Pugh's report. As previously noted by the Court, "Dr. Pugh's report does not contain any conclusions that relate or refer to any alleged seatbelt malfunction." ECF No. 69 at p.3. Rather, Dr. Pugh concludes, in part, that C.F. "would have sustained the [same] injuries irrespective of whether or not the seatbelt had been in place at the moment of impact with the tree." ECF No. 76 at p.4.

Defendant has asserted a cross claim against Plaintiff/Defendant Robert Fuggi III, the driver of the Jeep in which C.F. was a passenger. ECF No. 12. There, Defendant alleges that the "injuries sustained by the plaintiffs were in whole or in part, caused by plaintiffs' failure to properly wear the appropriate seat belt restraint device." Id. at ¶ 22. Defendant argues that the driver "may be comparatively negligent if he failed to ensure that his minor brother, Plaintiff

3

C.F., fastened his seat belt and the seatbelt would have prevented C.F.'s serious injuries." ECF No. 75 at p.5.

To successfully evidence "manifest injustice," a movant must demonstrate that the Court "overlooked some dispositive factual or legal matter that was presented to it." Inventory Recovery Corp., 2017 WL319177, at *3.

It is well established that New Jersey jurisprudence recognizes a co-called seat-belt defense. "If a jury finds a plaintiff negligent for failure to wear a seat belt, plaintiff's recovery for injuries that could have been avoided by seat-belt use may be reduced by an amount reflecting plaintiff's comparative fault in not wearing a seat belt." Malik v. Cooper Tire & Rubber Co., 59 F.Supp.3d 686, 694 (D.N.J. 2014) (*citing* Waterson v. Gen. Motors Corp., 111 N.J. 238, 264 (1988). But, "in order for a jury to consider seat belt nonuse in reducing damages, the *failure* to sear a seat belt must *increase* the extent or severity of injury." Waterson, 111 N.J. at 264 (*emphasis added*). Dr. Pugh's report concludes, among other things, that "had the seat belt been in place at the moment of impact, [C.F.] would not have survived the collision because the seatbelt would have held [C.F.'s] body in harm's way and exposed his body to significantly-increased forces from the intruding right side of the Jeep, thereby causing much more significant head injuries and visceral damage, and likely death." CF No. 75-1 at p.8. In other words, Dr. Pugh concludes that C.F.'s injuries, though traumatic, were less severe because the seat belt was not in place at the moment of collision. That conclusion does not depend on whether the reason the seat belt was not in place was because C.F. was not wearing the seat belt or because of the "inertial and inadvertent seatbelt release theory" identified by Dr. Pugh.

Of course, nothing in Dr. Pugh's report precludes Defendants' experts from rebutting his conclusion about the nature and extend of C.F.'s injuries. Still, despite its assertions to the

Case 3:17-cv-04036-PGS-DEA   Document 77   Filed 11/19/18   Page 5 of 5 PageID: 662

contrary, the foregoing demonstrates that Defendant has not met the standard for granting reconsideration. Rather than identifying a clear error of law or any dispositive factual or legal matters overlooked by the Court, Defendant essentially expresses disagreement with the Court's decision and raises arguments that were made, or could have been made, prior to the Court's decision. An application seeking reconsideration may not be used by a party "to raise arguments or present evidence that could have been raised prior to the entry of [the Order]." NL Indus., Inc., v. Comm. Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J. 1996). Where a party merely has a difference of opinion with the Court's decision, the issue should be raised through the normal appellate process; reconsideration is not the appropriate method. Dubler v. Hangsterfer's Laboratories, Civ. No. 09-5144, 2012 WL1332569, *2 (D.N.J. Apr. 17, 2012) (*citing* Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F.Supp.2d 610, 612 (D.N.J. 2001)). Consequently, having considered the papers submitted and for the reasons set forth above,

**IT IS** on this of 19th day of November 2018,

**ORDERED** that Defendant's informal application for reconsideration of this Court's decision denying Defendant's request to conduct an additional inspection on the Jeep [ECF No. 75] is **DENIED.**

> *s/ Douglas E. Arpert*
> DOUGLAS E. ARPERT
> UNITED STATES MAGISTRATE JUDGE

Date: November 19, 2018

5